Filed 12/15/2020 2:39 PM
Sherry Roberson
District Clerk
Palo Pinto County, TX
By: Heather Corliss
Deputy

**AUSE NO __ C49765**

| | | |
|---|---|---|
| **RA OS AREA PROPERTIES, LLC,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **PALO PINTO COUNTY, TEXAS** |
| | § | |
| **CAPITOL SPECIALTY INSURANCE** | § | |
| **CORPORATION,** | § | |
| **Defendant.** | § | **29TH __ JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Brazos Area Properties, LLC ("Plaintiff"), and complains of Capitol Speciality Insurance Corporation ("Defendant & Capitol Specialty"). In support of their claim and causes of action, Plaintiff would respectfully show the Court as follows:

## I.
## DISCOVERY LEVEL

1. Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

## II.
## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Additionally, Venue is mandatory and proper in Palo Pinto County, Texas, in

accordance with Tex. Civ. Prac. & Rem. Code § 15.002, as all or a substantial part of the events giving rise to this suit occurred within this county.

## III.
## PARTIES

3.      Plaintiff's principal office is located in Mineral Wells, Palo Pinto County, Texas.

4.      Defendant Capitol Specialty Insurance Corporation is a foreign insurer doing business in Texas, whose mailing address is *1600 Aspen Commons, Middleton, WI 53562-4718* which may be served with process by serving this Original Petition and a copy of the citation on the Texas Department of Insurance (TDI"), *Chief Clerks office P.O. Box 149104 MC 112-2A Austin, Texas 78714-9104*, as its agent for service as required by the Texas Insurance Code Chapter  804, where the Commission of Insurance is the agent of service for a surplus line insurer.

## IV.

## FACTUAL BACKGROUND

5.      Plaintiff is a named insured under a commercial property insurance policy issued by Capitol Speciality, insurance policy no. CS17005974 ("Policy").

6.      On or about June 23, 2019, a storm hit the Palo Pinto county area and Plaintiff's property located 413 Lee Road, Mineral Wells, TX 76068 ("Property"), was damaged. Pursuant to the obligations under the Policy, Plaintiff timely filed an insurance claim.[1]

7.      Subsequently, Capitol Specialty  underpaid Plaintiff's claim.

8.      The adjuster, assigned to the claim by Capitol Specialty, conducted a substandard investigation of the Property and damages, prepared a report that failed to include all of the

---

[1] Claim #: CLM-199197

covered damages present during the inspection, and undervalued the damages identified during the inspection.

9.  More specifically, upon acceptance of the claim by Capitol Specialty, Capitol Specialty sent out a representative to perform an inspection of the Property and Plaintiff's damages.   A Capitol Specialty representative discovered covered damage, claimed it occurred on or before March 7, 2016, outside the policy period, and denied coverage.

10.  In an effort of performing its due diligence, Plaintiff sought an additional and competent opinion from Bronco Roofing, LLC who found significant damage to the property exceeding $100,000.   Further, Plaintiff provided a date of loss to Capitol Specialty within the policy period,  a date Capitol Speciality chose to ignore.

11.  It is clear that Defendant's unreasonable investigation was the cause of Plaintiff's underpaid claim.

12.   Further, Defendant's performance of this results-based investigation of Plaintiff's claim, led directly to a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property.

13.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Capitol Specialty. Therefore, Plaintiff has been forced to file this suit in order to recover damages arising from the above-referenced conduct and from the unfair refusal to pay insurance benefits in accordance with the Policy.

14.  As indicated below, Plaintiff seeks relief under the Policy, Texas common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

**V.**

## CLAIMS AGAINST DEFENDANT

15.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

16.     All conditions precedent to recovery by Plaintiff have been met or have occurred.

17.     All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and representatives. Such were either done with the full authorization or ratification of Defendant and were completed in its normal and routine course and scope of employment with Capitol Specialty.

## 1. BREACH OF CONTRACT

18.     According to the insurance coverage that Plaintiff purchased from Defendant, Defendant had the absolute duty to reasonably investigate Plaintiff's damages, and to properly pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

19.     As a result of the storm-related event, Plaintiff suffered devastating damages under the Policy.

20.     Despite objective evidence of such damages, Defendant has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this material breach, Plaintiff has suffered actual and consequential damages.

## 2. VIOLATIONS OF THE TEXAS DTPA AND TIE-IN-STATUTES

21.     Defendants collective actions constitute violations of the Texas Deceptive Trade Practices Act, including but not limited to, Sections 17.46(b)(5), (7), (12), (24), and Sections 17.50(a)(3), (4) of the Texas Business & Commerce Code. Specifically in violation of Section

17.46(b), Defendant collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

>  *17.46(b)(5)* - Representing that its Policy, coverage and claim adjustment services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they did not have;

>  *17.46(b)(7)* - Representing that its Policy, coverage and claim adjustment services were of a particular standard, quality, or grade, and that the Policy was of a particular style or model, when they were of another;

>  *17.46(b)(12)* - Representing that the Policy conferred or involved rights, remedies, or obligations which it did not have or involve; and

>  *17.46(b)(24)* - Failing to disclose information concerning the Policy, coverage and claim adjustment services which were known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

22.     Moreover, and specifically in violation of Section 17.50(a), Defendant collectively engaged in the use of false, misleading and deceptive acts or practices outlined above, to which Plaintiff relied on to his detriment, in addition to engaging in the following:

>  *17.50(a)(3)* - An unconscionable action or course of action; and

>  *17.50(a)(4)* - Violating Chapter 541 of the Texas Insurance Code.

23.     As described in this Original Petition, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

24.     As described in this Original Petition, Defendant represented to Plaintiff that the Policy and Defendant's adjusting and investigative services were of a particular standard, quality,

or grade when they were of another, which also stands in violation of Section 17.46(b)(7) of the DTPA.

25.     By representing that Defendant would pay the entire amount needed (minus the Policy deductible) by Plaintiff to repair the damages caused by the storm event and then not doing so, Defendant has violated Sections 17.46(b)(5), (7), (12), (24) and 17.50(a)(3) - (4) of the DTPA.

26.     Defendant's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Armed Forces' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a) (3) of the DTPA.

27.     Defendant's conduct, acts, omissions, and failures, as described in this Original Petition, are violations of Chapter 541 of the Texas Insurance Code and are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

28.     Plaintiff is a consumer, as defined under the DTPA, who purchased insurance products and services from Capitol Specialty. Plaintiff relied upon the foregoing false, misleading, and deceptive acts or practices conducted by Defendant to his detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff now sues. All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this Original Petition.

29.     As a result of Defendant's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described

herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages, for Defendant having knowingly committed its conduct. Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to Defendant having intentionally committed such conduct.

30.     As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

### 3. VIOLATIONS OF TEXAS INSURANCE CODE

A. SECTION 541

31.     Defendant's actions constitute numerous violations of the Texas Insurance Code, including Sections 541.051, 541.060(a) and 541.061. Under Section 541.051, Defendant committed the following unfair and deceptive acts or practices in the business of insurance:

>   *541.051(1)(A)* - Making statements misrepresenting the terms of the Policy; and

>   *541.051(1)(B)* - Making statements misrepresenting the benefits of the Policy.

32.     Continuing, in violation of Section 541.060(a), Capitol Specialty engaged in certain unfair settlement practices with respect to a claim by an insured that include the following:

>   *541.060(a)(1)* - Misrepresenting a material fact or policy provision relating to coverage;

*541.060(a)(2)(A)* - Failing to make prompt, fair, and equitable settlement of a claim after the insurer's liability is established;

*541.060(a)(2)(B)* - Failing to promptly and fairly settle a claim under one portion of the Policy in order to influence the claimant to settle an additional claim under a n o t h e r portion of the coverage;

*541.060(a)(3)* - Failing to promptly provide a reasonable explanation of the basis for denial of a claim or for the offer of a compromise settlement;

*541.060(a)(4)(B)* - Failing to submit a reservation of rights to a policyholder;

*541.060(a)(5)* - Refusing, failing, or delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available   or   that   other parties may be liable for damages, unless specifically provided in the Policy;

*541.060(a)(6)* - Undertaking to enforce a full and final release of a claim from a policyholder when only a partial payment has been made, unless the payment is a compromise settlement of a doubtful or disputed claim; and

*541.060(a)(7)* - Refusing to pay a claim without conducting a reasonable investigation of the details of the claim.

33.     Further, Defendant violated Section 541.061 of the Texas Insurance Code, by committing unfair and deceptive acts or practices in the business of insurance to misrepresent an insurance policy by:

*541.061(1)* - Making an untrue statement of material fact;

*541.061(2)* - Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements      w e r e made;

*541.061(3)* - Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

*541.061(5)* - Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

B. SECTION 542

34. Defendant's actions constitute numerous violations of Chapter 542 of the Texas Insurance Code, including but not limited to, Sections 542.003 and 542.055 - 542.060. Section 542.003 of the Texas Insurance Code expressly prohibits certain unfair settlement practices as they relate to claims by insured parties of insurance policies. Based upon the conduct of Defendant to date, Defendant has thus far committed the following prohibited practices:

*542.003(b)(1)* - Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue;

*542.003(b)(2)* - Failing to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the Policy;

*542.003(b)(3)* - Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

*542.003(b)(4)* - Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear; and

*542.003(b)(5)* - Compelling Plaintiff, a policyholder, to institute a suit to recover the amount due under the Policy by offering substantially less than the amount ultimately recovered in a suit brought by Plaintiff.

35. Defendant has violated Sections 542.055 - 542.058 of Chapter 542 of the Texas Insurance Code in its failure to adhere to the statutorily-prescribed deadlines in the handling, adjustment and payment of insurance claims. More specifically, Defendant committed the following violations:

*542.055(a)(3)* - Failing to request from the Plaintiff all items, statements, and forms that Capitol Specialty reasonably believes, at the time, was required from Plaintiff, within 15 days after Armed Forces received notice of Plaintiff's claim;

*542.057(a)* - After notifying Plaintiff that it would pay the claim, failure to pay the claim or part of a claim within the fifth business day the notice was made; and

> *542.058(a)* - Failing to, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, Capitol Specialty delayed

payment of the claim for a period exceeding the period more than 60 days.

36.   As a result of the above-referenced violations and acts committed by Defendant, and in accordance with Section 542.060 of the Texas Insurance Code, Capitol Specialty is liable to pay Plaintiff, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. Plaintiff is also entitled to prejudgment interest on the amount of the claim, as provided by law. Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid.

37.   Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for Armed Forces having knowingly committed such conduct.

38.   Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for Defendant having intentionally committed such conduct.

39.   As a result of Defendant's Texas Insurance Code violations, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his court costs, reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or

Section 541.152 of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## 4. BREACH OF THE COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

40. Defendant has breached its common law duty of good faith and fair dealing by underpaying Plaintiff's claim, inadequately adjusting Plaintiff's claim and failing to conduct a reasonable investigation to determine whether there was a reasonable basis for Defendant's coverage decision.

## VI.
## WAIVER AND ESTOPPEL

41. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

42. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## VII.
## DAMAGES

43. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

44. Furthermore, Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under Section 17.50(b)(1) of the DTPA, as well as all operative provisions of the Texas Insurance Code. Plaintiff is, thus, clearly entitled to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code.

## VIII.
## ATTORNEY FEES

45. In addition, Plaintiff is entitled to all reasonable and necessary attorneys' fees pursuant to the Texas Insurance Code, DTPA, and sections 38.001-.005 of the Civil Practice and Remedies Code.

46. Plaintiff seeks attorney fees on a contingency fee basis. If the attorney fees must be broken down into an hourly rate, Plaintiff seeks attorney fees at $350 per hour.

47. Attorney's fees are awarded to the party as part of the damages owed by an insurance company that violates Chapter 542 of the Texas Insurance Code. We believe it consistent with the statute's purpose to require the insurer to pay a contingency fee, which may be greater than an hourly fee. The specter of large attorney's fees serves as additional incentive to the insurance company to respond promptly and diligently to its insured's claims. *Mid-Century Ins. Co. v. Barclay,* 880 S.W.2d 807 (Tex. App. 1994).

## IX.
## JURY DEMAND

48. Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## X.
## WRITTEN DISCOVERY PROPOUNDED TO CAPITOL SPECIALTY

A. REQUEST FOR DISCLOSURE

49. Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

B. REQUEST FOR PRODUCTION

51.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production:

a.     Please produce Capitol Specialty complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim;

b.     Please produce the CV of the individual responding to these discovery requests;

c.     Please produce the underwriting files referring or relating in any way to the Policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file;

d.     Please produce certified copy of the Policy pertaining to the claims involved in this suit;

e.     Please produce the electronic diary, including the electronic and paper notes made by Capitol Speciality claims personnel, contractors, and third party adjusters/ adjusting firms relating to the Plaintiff's claims;

f.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit;

g.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim;

h.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property;

i.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s); and

j.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Armed Forces intends to offer these items into evidence at trial.

C. INTERROGATORIES

52.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories:

> k.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement;

> l.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Defendant's investigation;

## XI.
## CONCLUSION AND PRAYER

53.     Plaintiff prays that judgment be entered against Capitol Speciality Insurance Corporation, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Capitol Specialty Insurance Corporation, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

*/s/ T. Scott Edwards*
Thomas Scott Edwards
Texas Bar No. 24075867
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
scott.edwards@vosslawfirm.com

**ATTORNEY FOR PLAINTIFF**